IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-01603-RBJ-NYW

JAMES P. TATTEN,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a municipality,
DEBRA JOHNSON, Clerk and Recorder, in her official capacities, and
LSF9 MASTER PARTICIPATION TRUST,

    Defendants.

## ORDER

This matter is before the Court on defendants City and County of Denver and Debra Johnson's ("City Defendants") motion to dismiss, defendant LSF9 Master Participation Trust's ("LSF9") motion to dismiss, plaintiff James P. Tatten's motion for leave to file his first amended complaint, and Magistrate Nina Y. Wang's report and recommendation. Judge Wang recommends that this Court grant defendants' motions to dismiss and deny plaintiff's motion to file an amended complaint. These recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Like Judge Wang, I find that the motions to dismiss must be granted, and the motion to amend must be denied.

## BACKGROUND

Mr. Tatten suffered a traumatic brain injury in November 2008 and subsequently stopped

1

making payments on his home mortgage loan. His bank initiated foreclosure proceedings in August 2009, but withdrew the action when Mr. Tatten agreed to a loan modification. Mr. Tatten made no payments on the modified loan either, however, so the bank again initiated foreclosure proceedings in October 2011. Mr. Tatten challenged the Denver District Court's Order Authorizing Sale and this litigation exhausted the statutory one-year window for the Public Trustee to sell Mr. Tatten's property, so the bank dropped its case once more. The bank later sold Mr. Tatten's home loan account to LSF9.

LSF9 reinitiated foreclosure proceedings in early 2016. In January it filed a Notice of Election and Demand for Sale with the Denver County Public Trustee, and in February it filed a motion for an Order Authorizing Sale with the Denver District Court. In February and March, Mr. Tatten emailed two employees of the Public Trustee's office for information on this foreclosure action. On April 22 and 25, 2016 the Denver District Court held contested Rule 120 hearings. The court issued an Order Authorizing Sale on April 26, 2016. The Public Trustee scheduled its sale of the property for June 9, 2016.

On June 1, 2016 Mr. Tatten hand-delivered a Notice of Intent to Sue to the Public Trustee's office. A week later, on June 8, 2016, Mr. Tatten filed an emergency motion in the Denver District Court seeking to enjoin the planned foreclosure sale. The Court held a hearing that same day and denied the motion. The Public Trustee's website was allegedly unavailable that day, so Mr. Tatten visited the Public Trustee's office in person to obtain more information about the foreclosure sale. According to Mr. Tatten, the employees there refused to answer his questions. The next day, June 9, 2016, LSF9 purchased the property.

On June 23, 2016 Mr. Tatten filed suit in this Court challenging the Rule 120 proceedings and defendants' actions in connection with those proceedings. ECF No. 1. His complaint raises three claims under 42 U.S.C. § 1983 for violations of (1) his Fourteenth Amendment right to due process, (2) his Fourteenth Amendment right to equal protection, and (3) his Fourteenth Amendment rights in general because of the City Defendants' allegedly unconstitutional policies and practices, as well as claims for (4) violation of the Americans with Disabilities Act ("ADA"), (5) violation of the Fair Debt Collection Practices Act ("FDCPA"), and (6) intentional infliction of emotional distress ("IIED").

The City Defendants and LSF9 have filed motions to dismiss. ECF Nos. 4, 34. Mr. Tatten submitted a response to the City Defendants' motion, ECF No. 25, and the City Defendants filed a reply, ECF No. 26. Mr. Tatten has not responded to LSF9's motion to dismiss.

However, Mr. Tatten filed an amended complaint on November 28, 2016. ECF No. 44. Judge Wang issued a minute order the next day striking Mr. Tatten's amended complaint for failure to comply with this District's Local Rules of Civil Practice. ECF No. 45. Judge Wang directed Mr. Tatten to file a proper motion to amend and to refile his amended complaint in compliance with the local rules no later than December 6, 2016. *Id.* More than a month after this deadline, on January 11, 2017, Mr. Tatten filed a motion to amend. ECF No. 53. The proposed amended complaint adds factual allegations about events in June and July 2016, and new claims for violation of the Colorado Consumer Protection Act ("CCPA"), violation of the Colorado Foreclosure Protection Act ("CFPA"), and negligent infliction of emotional distress

("NIED"). ECF No. 53-1. Defendants have responded to the motion to amend. ECF Nos. 57, 58. No replies were permitted. ECF No. 56.

After reviewing all of these filings and holding a hearing on the motions to dismiss—which Mr. Tatten failed to attend, *see* ECF No. 46—Judge Wang recommended that Mr. Tatten's complaint be dismissed, and that he not be permitted to amend it. ECF No. 59. Judge Wang agreed with defendants that the *Rooker-Feldman* doctrine bars Mr. Tatten's first and second § 1983 claims, and that Mr. Tatten's third § 1983 claim fails to state a claim for failure to train and supervise. She also agreed that Mr. Tatten fails to allege sufficient facts to support his ADA, FDCPA, and IIED claims. Additionally, Judge Wang found that the Colorado Governmental Immunity Act bars Mr. Tatten's IIED claim against the City Defendants. Regarding the motion to amend, Judge Wang agreed that Mr. Tatten's motion should be denied as untimely because he provided no explanation for missing the Court's deadline, he offered no basis for excusing his noncompliance with the applicable rules and order, and he knew of the alleged new facts long before he filed his tardy motion. In any event, Judge Wang agreed that Mr. Tatten's motion could also be denied on futility grounds because he could not maintain a CCPA, CFPA, or NIED claim against defendants.

Mr. Tatten filed an objection to Judge Wang's recommendations, ECF No. 64, and defendants submitted responses to these objections, ECF Nos. 65, 66.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) can either "(1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which

4

subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). Where, as here, there is a facial attack on the basis for jurisdiction, the Court must consider only the allegations on the face of the complaint, taken as true and viewed in the light most favorable to the plaintiffs. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "Mere conclusory allegations of jurisdiction are not enough." *U.S. ex rel. Hafter D.O.v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

Although Mr. Tatten brings this action pro se, he is not entitled to have his filings construed liberally because he is a trained attorney. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). "Even were [the Court] to construe Mr. Tatten's filings liberally, that

would not excuse him from complying with the Federal Rules of Civil . . . [P]rocedure, including pleading requirements, nor would [the Court] 'supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf.'" *Tatten v. Bank of Am. Corp.*, 562 F. App'x 718, 720 (10th Cir. 2014) (citations omitted).

## ANALYSIS

The Court must conduct a de novo review of any part of Judge Wang's recommendation to which Mr. Tatten has properly objected. Fed. R. Civ. P. 72(b)(3). Absent a proper objection, however, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). An objection "must be both timely and specific to preserve an issue for de novo review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). And an objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *Id.* For example, an objection is not specific if it merely "ask[s] that the district court reconsider the magistrate's report and recommendation based on 'the motions, exhibits, testimony[,] briefs, and arguments' that the [party] had submitted to the court." *Id.*

Mr. Tatten's objections are too general and conclusory to preserve any issue for de novo review. His filing consists of two parts: "Specific Written Objections" and "Argument." The first part spans 31 pages and includes numerous sections and subsections, the vast majority of which simply states that he "specifically objects to each proposed finding and recommendation listed and quoted below" and then quotes Judge Wang's recommendations. *See* ECF No. 64 at 3–33. But it is not enough just to point to parts of a magistrate judge's opinion that are allegedly

mistaken—one must also "identify the particular errors the magistrate judge committed." *Wofford v. Colvin*, 570 F. App'x 744, 746 (10th Cir. 2014).

In the remainder of his "Specific Written Objections," Mr. Tatten "specifically objects to Magistrate Judge Wang"—which I will address below—and provides a list of general "reasons" for taking issue with Judge Wang's recommendations. Yet these "reasons" do nothing to focus the court's attention on the facts or legal issues that are in dispute. Instead, they allege error in vague generalities, like: "Each proposed findings [sic] and recommendation . . . includes biased assumptions, misstatements, and misrepresentations." ECF No. 64 at 9, 15. Other "reasons" are marginally more specific, but still do not frame the issues with sufficient particularity. For example, Mr. Tatten repeatedly alleges that defendants acted "independent of the Rule 120 proceedings," but does not explain why Judge Wang was wrong in thinking that these actions were bound up in the Rule 120 proceedings. *See id.* at 10–11 ("Plaintiff Tatten filed this action because City Defendants and Defendant LSF9 Master Participation Trust ("Defendant LSF9") engaged in conduct, *independent of the Rule 120 proceeding*, to collect a debt asserted to be owed; Plaintiff Tatten filed this action because City Defendants and Defendant LSF9 engaged in threatening conduct, *independent of the Rule 120 proceeding*, to collect a debt asserted to be owed . . . ."). In another section, Mr. Tatten rattles off a list of general accusations, such as: "Magistrate Judge Wang committed error by making medical judgments and legal findings in conflict with the pleadings, attachments, exhibits, filings, and entire case file." *Id.* at 17. All in all, these objections are no better than improperly asking the Court to reconsider Judge Wang's recommendations based on "the motions, exhibits, testimony[,] briefs, and arguments" that Mr. Tatten has submitted to the Court. *2121 E. 30th St.*, 73 F.3d at 1060.

That leaves Mr. Tatten's brief "Argument." Aside from questioning Judge Wang's impartiality once again, this part raises only three objections. First, Mr. Tatten asserts that granting the motions to dismiss or denying his motion to amend will "abridge, enlarge, or modify substantive rights in violation of 28 U.S.C. § 2072(b)." ECF No. 64 at 35. That provision governs the rules of procedure and evidence prescribed by the Supreme Court. *See* 28 U.S.C. § 2072. This limitation on the Supreme Court's power to prescribe rules has no apparent bearing on the case at hand, and Mr. Tatten neither identifies what "substantive right" may be affected nor how such a right might be affected by ruling on the pending motions. Second, Mr. Tatten argues that the *Rooker-Feldman* doctrine does not bar his due process or equal protection claims because "[t]he pleadings, attachments, exhibits, filings, and entire case file show that the conduct alleged[] is independent of the Colorado Rule 120 proceedings." ECF No. 64 at 36. And third, Mr. Tatten asserts that he should be granted leave to amend his complaint because "[t]he pleadings, attachments, exhibits, filings, and entire case do not indicate or show bad faith, undue delay, prejudice, or futility of amendment." *Id.* at 37. These arguments are directly in the teeth of the Tenth Circuit's prohibition on overly general objections. *2121 E. 30th St.*, 73 F.3d at 1060. Moreover, Mr. Tatten does not object to Judge Wang's recommendation that this Court dismiss his claims for unconstitutional policies and practices, violation of the ADA, violation of FDCPA, or IIED. *See* ECF No. 64.

Mr. Tatten's claim that Judge Wang is biased fares no better. Mr. Tatten essentially accuses Judge Wang of bias based on the fact that before becoming a magistrate judge she was a partner in the law firm of Faegre & Benson, LLP. According to Mr. Tatten, that law firm represented Wells Fargo in a separate action against him in 2011. He does not, however,

indicate that Ms. Wang, now Magistrate Judge Wang, was involved in the other case at all, or was aware when this case was referred to her that her former firm had been involved in a case in which Mr. Tatten was a party. Notably, Mr. Tatten did not raise this issue when this Court referred the pending motions to her. Rather, only after he received her unfavorable recommendation did he make this charge. Under 28 U.S.C. § 455(a), a judge must disqualify herself "in any proceeding in which her impartiality might reasonably be questioned." The rule applies not only to actual bias or prejudice but to the appearance of bias or prejudice. The test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). I find that a reasonable person, knowing all the relevant facts, would not harbor doubts about Judge Wang's impartiality in this case.

As a result, Mr. Tatten has failed to preserve any aspect of Judge Wang's recommendations for de novo review. After reviewing the parties' submissions, the Court concludes that Judge Wang's analysis is correct and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note.

Nevertheless, in an abundance of caution, this Court will also conduct a de novo review of the portions of Judge Wang's recommendation to which Mr. Tatten objects. Mr. Tatten filed suit in this Court two weeks after the Rule 120 proceedings ended and LSF9 purchased his property. His due process claim argues that he had "the right to a Rule 120 hearing that was free from prejudice and discrimination." ECF No. 1 at ¶ 143. But this claim "would impermissibly involve a reexamination of the underlying state court proceedings and judgments, which is barred by the *Rooker-Feldman* doctrine." *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1065 (D.

Colo. 2013) (citing *Dillard v. Bank of N.Y.*, 476 F. App'x 690, 692 (10th Cir. 2012)). Mr. Tatten's equal protection claim is based on similar allegations and therefore is barred by the *Rooker-Feldman* doctrine as well. *See* ECF No. 1 at ¶ 163; *Sladek v. Bank of Am., NA*, No. 13-CV-03094-PAB-MEH, 2014 WL 8105182, at *6 (D. Colo. July 10, 2014). Accordingly, his complaint must be dismissed.

Mr. Tatten's motion to amend is equally deficient. He filed this motion more than a month after the court-ordered deadline passed, and he has offered no explanation for missing this deadline. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (citations omitted). Thus, Mr. Tatten's motion to amend his complaint must be denied.

## ORDER

1. The recommendation of United States Magistrate Judge Nina Y. Wang, ECF No. 59, is ACCEPTED and ADOPTED.

2. City Defendants' Motion to Dismiss [ECF No. 4] is GRANTED. Plaintiff's claims against the City and County of Denver and Debra Johnson are dismissed with prejudice.

3. LSF9 Master Participation Trust's Motion to Dismiss [ECF No. 34] is GRANTED. Plaintiffs claims against LSF9 are dismissed with prejudice.

4. Plaintiff's Motion for Leave to File First Amended Complaint and Jury Demand [ECF No. 53] is DENIED.

5. As the prevailing parties, defendants are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 29th day of March, 2017.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

11